JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1436-JGB (SPx) | Date | July 7, 2016 |
| Title | US Bank National Association v. Ralph Wayne Allen et al. | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present      None Present

**Proceedings:** Minute Order REMANDING Action to California Superior Court for the County of San Bernardino (IN CHAMBERS)

## I.  BACKGROUND

On December 18, 2015, Plaintiff U.S. Bank National Association ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Ralph Wayne Allen ("Defendant") and Does 1-10 in the California Superior Court for the County of San Bernardino. (Not. of Removal at 12, Doc. No. 1.)  On July 1, 2016, Defendant removed the action to this Court.  (Not. of Removal, Doc. No. 1.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

The Notice of Removal states two grounds for removal. First, Defendant alleges that diversity of citizenship exists between the parties and the amount in controversy is more than $75,000. (Notice of Removal at 5-6.) Second, Defendant alleges that removal is proper on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Id. at 5.)

**A. Diversity**

Defendant has not met the burden of demonstrating that diversity of citizenship exists. Defendant has not adequately alleged an amount in controversy in excess of $75,000. The caption of the unlawful detainer complaint states that the amount demanded is less than $10,000. (Complaint at 1.) Although a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014), Defendant's allegation that the amount in controversy is $510,000 is implausible. In unlawful detainer actions, the title to the property is not involved—only the right to possession is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). The amount in controversy is not the value of the subject real property, but the reasonable rental value per day of the property, up to a total of $10,000.00. Evans, 67 Cal. App. 3d at 170; see also, U.S. Bank N.A. v. Medina, 2012 U.S. Dist. LEXIS 43054, at *4–5, 2012 WL 1136126 (C.D. Cal. Mar. 27, 2012). Thus, Defendant has not established that diversity jurisdiction exists.

**B. Federal Question**

In order for removal to be proper on the basis of federal question jurisdiction, Defendant must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

Defendant asserts that the Court has federal question jurisdiction pursuant to "Consumer Finance and Protection Act, Mortgage Lending Act, Real Estate Settlement Act, Truth in Lending Act, Implied Covenant and Good Faith Act, Federal Housing and Administration Mortgage Servicer Contract, and 14[sic] Amendment of U.S. Constitution." (Notice of Removal at 5, Doc. No. 1.) However, an anticipated federal defense does not confer jurisdiction on the Court to hear the case. See Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *1-2 (N.D. Cal. June 6, 2011) ("[T]he [Protecting Tenants at Foreclosure Act] only provides tenants with federal defenses to eviction but does not create a federal ejectment claim or any private right of action . . . .").

On the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. (Not. of Removal at 12-14, Doc. No. 1); see Lapeen, 2011 WL 2194117, *3 ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010).) Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served on Defendant as required by California Code of Civil Procedure § 1161a. Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Accordingly, due to the absence of a federal claim or substantial question of federal law, Defendant has not shown that the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

## IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met her burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**